IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CALVIN MAYFIELD,<br><br>                Plaintiff,<br><br>v.<br><br>MAC SHANE FRANK,<br>RACHEL AGUINIGA, and<br>BROOK BEASLEY,<br><br>                Defendants. | Case No. 24-cv-01869-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a Motion for Leave to File an Amended Complaint filed by Plaintiff Calvin Mayfield. (Doc. 21). For the following reasons, the motion is denied.

### BACKGROUND

Plaintiff Calvin Mayfield, proceeding pro se, brought this lawsuit pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. Plaintiff alleges that Defendants conspired and retaliated against him for filing lawsuits and complaints regarding numerous issues at Pinckneyville Correctional Center by withholding legal mail, specifically, discovery for another civil case. After reviewing the Complaint pursuant to Section 1915A, Plaintiff is proceeding with the following counts:

    **Count 1:**    First Amendment claim against Frank, Aguiniga, and Beasley for retaliating against Plaintiff for filing lawsuits, complaint letters, and grievances.

    **Count 2:**    Fourteenth Amendment equal protection claim against Frank.

    **Count 3:**    Claim against Frank, Aguiniga, and Beasley for conspiring to retaliate against Plaintiff by withholding Plaintiff's legal mail.

(Doc. 12). The Court dismissed claims of retaliation, equal protection violations, and conspiracy regarding his allegations that (1) his sentence was incorrectly recalculated; and (2) an earned program sentence credits memo issued by Christine Goldman, the record supervisor, omitted the usual sentence stating that his earned program sentence credits were recorded in his master record.

Plaintiff has filed a motion seeking to amend his complaint so that he can replead his claims against Christine Goldman. He also modifies the name of Ms. Edwards throughout the complaint, who has now been correctly identified as Brook Beasley, and he refers to David Mitchell as Warden Mitchell.

### MOTION FOR LEAVE TO AMEND

Pursuant to Federal Rule of Civil Procedure 15(a), courts "should freely give leave [to amend] when justice so requires." Under Rule 15(a), "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to defendants, or where the amendment would be futile." *Mulvania v. Sheriff of Rock Island Cnty.,* 850 F.3d 849, 855 (7th Cir. 2017) (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)).

Here, the proposed amended complaint does not cure the deficiencies of Plaintiff's original claims against Christine Goldman and fails to state a viable claim against her. In the original Complaint, Plaintiff claimed that his sentence was recalculated and his earned program sentence credits were not included in his master record after writing complaint letters and speaking to Defendant Frank about his missing legal mail. He was informed of these changes in memos written by Goldman, the record office supervisor. The Court found that Plaintiff failed to state a retaliation claim against Goldman because the Complaint did not include facts from which the Court could "plausibly infer that Goldman was aware that Plaintiff was lodging complaints about various issues at Pinckneyville and acted with retaliatory animus." (Doc. 12, p. 6). Likewise, Plaintiff failed to

plead an equal protection claim or conspiracy claim against Goldman because there were no facts to suggest that he was "*intentionally* treated differently" by her regarding the recording of the earned program service credits. (*Id.* at p. 8, 9).

Plaintiff's proposed amended complaint does not add any additional facts, but rather, argument as to why Plaintiff has sufficiently stated a retaliation and equal protection claim against Christine Goldman. (Doc. 21-1, p. 15-16). He contends that the Court can infer retaliation from the chronology of events. He iterates that prior to his meeting with Defendant Frank, he had received other memos concerning his earned program sentence credits from Goldman, and these memos did not include references to his criminal conviction and included a statement clarifying that even though he was ineligible to be awarded program sentence credits, the program sentence credits would still be documented in his master record. It was only after his meeting with Frank on September 29, 2023, did Goldman's memo mention his criminal conviction and omit the statement that the earned program sentence credits would still be recorded in his master record. Plaintiff points out that his earned program sentence credit memo that was issued on October 17, 2024, while he was briefly at Sheridan Correctional Center, also did not contain a reference to his criminal conviction.[1] (*Id.* at p. 74). Likewise, Plaintiff had been at Pinckneyville Correctional Center for two years, and it was only after his meeting with Frank did Goldman recalculate and increase his release date by four years. He had to petition a judge in Cook County to receive a new sentencing order removing the four years from his sentence.

Plaintiff writes:

> Upon information and belief, there was some reason or defendant Goldman was instructed by somebody, to look into plaintiff's file to find any issues to use against him – only several days after plaintiff spoke to defendant Frank.

---

[1] The Court notes, however, that this memo issued by Nick Crisman, similar to the offending memo issued by Goldman on October 6, 2023, also is missing the statement that the earned program sentence credits would be documented in Plaintiff's master record. (Doc. 21, p. 74).

(*Id.* at p. 16).

The Court finds that Plaintiff has still failed to plead facts from which retaliation on the part of Goldman may plausibly be inferred. Nothing in the proposed amended complaint links the filing of lawsuits, complaints, and grievances, predominately about the mishandling of Plaintiff's mail submitted from April 2023 through September 2023, to the alleged retaliatory action by Goldman – a memo recalculating his sentence and an earned program sentence credit memo sent on October 6, 2023. Other than speculation, Plaintiff does not plead any facts to support the conclusion that Goldman knew about and was motivated by his First Amendment activity. The only interaction Plaintiff had with Goldman is when he directly wrote to her about the earned program sentence credits memo, and she responded by referencing the grievance response, which resolved his issue and clarified that his earned program sentence credits would in fact be recorded in his master record. The fact that the memos were issued a week after Plaintiff met with Frank and Frank made derogatory comments about Plaintiff filing complaints is not sufficient to state a claim of retaliation against Goldman. *See Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir.2009); *Sanders v. Bertrand,* 72 F. App'x 442, 445 (7th Cir. 2003) (the plaintiff failed to state a claim where his "retaliation claims rests only on personal beliefs that cannot be substantiated"); *Santiago v. Anderson,* 496 F. App'x 630, 634 (7th Cir. 2012) (plaintiff's "premise – that every ill befalling him must be retaliatory because everyone knows him to be litigious and a frequent correspondent with the grievance officer – falls short of stating a claim even under notice pleading").

Likewise, Plaintiff has failed to state an equal protection claim against Goldman. Again, as stated in the original merit review order, there is nothing from which the Court can infer that Plaintiff was intentionally treated differently from other inmates by Goldman. (*See* Doc. 12, p. 7-8). And because Plaintiff has failed to state constitutional claim against Goldman, he cannot succeed on a conspiracy claim.

As Plaintiff has failed to state a claim against Goldman, allowing the amended complaint would be futile. There is also no need to amend the entire complaint to rename Warden David Mitchell and Defendant Beasley ("Ms. Edwards") throughout the Complaint. Defendant Beasley's name has been correctly updated on the docket and for clarity is deemed amended via interlineation. (*See* Doc. 18, 20). Accordingly, the Motion for Leave to File an Amended Complaint is **DENIED**. (Doc. 21).

## OTHER PENDING MOTIONS

The Court **GRANTS** Defendants' Motion to Withdraw Affirmative Defense. (Doc. 22). The affirmative defense of Plaintiff's failure to exhaust his administrative remedies is withdrawn by all Defendants. The stay on merits discovery is **LIFTED,** and the parties can proceed with discovery on the merits. A new scheduling order will be entered by separate order.

The Court **DENIES** Plaintiff's Motion Requesting the Court to Refer This Case to Mandatory Mediation. (Doc. 23). At this early stage in the case, the commencement of merits discovery, the Court does not find that directing a settlement conference will be beneficial. However, Plaintiff may still communicate with Defendants directly, and if the parties agree that a settlement conference would be fruitful, the parties should file a joint motion requesting the same.

**IT IS SO ORDERED.**

**DATED: June 3, 2025**

                                                  *s/Stephen P. McGlynn*
                                                  **STEPHEN P. MCGLYNN**
                                                  **United States District Judge**